Plaintiffs in error were sureties upon the bond of said Porter, and upon his failure to appear judgment nisi was entered, and scire facias ordered for these plaintiffs. The officer's return upon said scire facias, and upon which the judgment final seems to have been rendered, is insufficient. Said return is as follows:

"Came to hand the 20th day of January, 1919, at —— o'clock ——m, and executed March 29, 1919, by delivering to Dan Skeans in person a true copy of this writ."
"[Signed] Tom Ford,
"Sheriff Cooke County, Texas."

[1, 2] It is apparent from an inspection of this return that the plaintiffs in error, who were companion sureties of Mr. Skeans, do not appear therefrom to have been served. Our statute requires the service of a scire facias upon the sureties in the same manner as is required for service of citations in civil actions, and it has been held by this court that a judgment by default will not be sustained unless the return shows service, on each of the defendants in person, of a true copy of the writ, giving the date and place of service. Harryman v. State, 57 Tex. Cr. R. 204, 122 S. W. 398; article 492, Vernon's C. C. P.

The judgment of the trial court against plaintiffs · in error, George A. Beck, Dan Skeans, and Owen Saunders, is reversed and remanded for proper service, and a new trial.

---

HOUSTON ELECTRIC CO. et al. v. FLATTERY et al. (No. 7783.)

(Court of Civil Appeals of Texas. Galveston. June 30, 1919. Rehearing Denied Oct. 9, 1919.)

1. DEATH ⬤⟹104(4)—INSTRUCTIONS NOT OBJECTIONABLE AS PERMITTING ASSESSMENT OF SENTIMENTAL DAMAGES.

In a mother's suit for death of a minor daughter, an instruction defining pecuniary benefits as including kindness and attention of deceased held not erroneous as permitting the assessment of damages of a sentimental nature, despite instructions to exclude from consideration compensation on account of sorrow, mental distress, or loss of society.

2. DEATH ⬤⟹104(4)—INSTRUCTION ON DAMAGES NOT ERRONEOUS AS ALLOWING DOUBLE RECOVERY.

An instruction that the jury in assessing damages for the death of plaintiff's daughter could consider everything that could reasonably be estimated in money, labor, service, kindness, and attention from a child to its parents held not erroneous as authorizing double recovery, in that several of the terms meant the same thing, so that the jury could allow for the same items twice.

3. APPEAL AND ERROR ⬤⟹1004(3)—EXCESSIVE RECOVERY CURED BY REMITTITUR NOT REVERSED UNLESS OUTRAGEOUSLY EXCESSIVE.

Under Rev. St. 1911, art. 1631, a showing that verdict for death of plaintiff's daughter was grossly excessive alone would not be sufficient to authorize the Court of Civil Appeals· to reverse judgment rendered on the verdict after remittitur, on the ground that the excessive amount indicated prejudice or passion of the jury not curable by mere remittitur; there must be some showing that the verdict was outrageously excessive to justify reversal.

4. DEATH ⬤⟹99(3)—$8,500 FOR DEATH OF MINOR DAUGHTER NOT EXCESSIVE.

Judgment for $8,500 in favor of a mother for death of her daughter, rendered on verdict for $12,500 after remittitur of $4,000 required by the court, held not excessive.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by Mrs. Hattie L. Flattery and another against the Houston Electric Company and another. From judgment for plaintiffs, defendants appeal. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, for appellants.
John H. Crooker, of Houston, for appellees.

LANE, J. This suit was instituted by Mrs. Hattie Flattery, joined pro forma by her husband, T. F. Flattery, against the Houston Electric Company and the Galveston, Harrisburg & San Antonio Railroad Company to recover damages for the death of her daughter, Nova L. Sheppard, commonly known as Nova L. Flattery, who was killed in a collision between the street car of the electric company and a train of the railway company. Upon filing of waiver of interest in the subject-matter by some of the parties, and by agreement of others, all parties to the suit except appellee, Mrs. Flattery, and husband and the Houston Electric Company were dismissed from the suit.

It is stated in the brief of appellant that it had admitted its liability to plaintiff, Mrs. Flattery, by reason of the death of her daughter, and that the only question for determination was the amount of damages suffered by the plaintiff.

The case therefore went to trial before a jury; the only question being the amount of

damages. The court instructed the jury as follows:

"You will assess the plaintiff's' (Hattie L. Flattery's) damages, if any, at such a sum of money as, if paid in hand at this time, will be fair and adequate compensation to her for the pecuniary loss, if any, which you may believe from the evidence she has sustained by reason of the death of the said Nova L. Flattery, based upon her reasonable expectation or pecuniary benefits, if any, from the continuance of Nova Flattery's life, had she lived.

" 'Pecuniary benefits' means not only money but everything that can be reasonably estimated in money, and may include labor, services, kindness, and attention of a child to its parents.

"In assessing plaintiff's damages, if any, you may be guided by the following instructions:

"Plaintiff is entitled to the services of her minor child, Nova L. Flattery, during her minority, and to recovery whatever sum, if any, Nova L. Flattery, had she lived, would have earned from the time of her death until she became 21 years of age, less the reasonable cost of her maintenance and support during and to the time she reached 21 years of age.

"Plaintiff is further entitled to recover such sums of money, if any, as Nova L. Flattery would have likely voluntarily contributed to the support of her mother, if any, from the time she reached 21 years of age during the remainder of their lives.

"And in estimating such sum, if any, you may take into consideration the probable duration of her life, together with the age and probable duration of the life of plaintiff.

"In this connection, however, you are charged that you will not take into consideration nor allow anything to the plaintiff by way of compensation on account of sorrow, mental distress, or for the loss of society or companionship.

"If you find a verdict for the plaintiff, let the form thereof be: 'We, the jury, find for the plaintiff, Hattie L. Flattery, and assess her damages at ―――― dollars' (naming the amount), one of your number signing as foreman.

"If you find a verdict for the defendant, you will let the form thereof be: 'We, the jury, find for the defendant, Houston Electric Company,' one of your number signing as foreman."

Under these instructions the jury rendered the following verdict:

"We, the jury, find' for the plaintiff, Hattie L. Flattery, and assess her damages at twelve thousand five hundred dollars ($12,500.00)."

Upon the verdict so returned the court rendered judgment in favor of Mrs. Hattie Flattery against the Houston Electric Company for the sum of $12,500. The plaintiff thereafter filed a remittitur of $4,000. The Houston Electric Company has appealed.

Appellant's first assignment of error is as follows:

"The court erred in paragraph 5 of its charge to the jury in defining pecuniary benefits and in including therein kindness and attention of the deceased child to her mother, the plaintiff herein."

[1] It is the contention of appellant that the portion of the charge quoted, in effect, permitted the jury to assess damages of a sentimental nature, regardless of other instructions to the jury to exclude from their consideration compensation on account of sorrow, mental distress, or for loss of society or companionship.

We think the contention is untenable. If the charge is read as a whole and one' part, in connection with another, it fully and fairly submits the question of damages as made by the pleadings and evidence, and is not subject to the criticism of appellant. Pennsylvania Co. v. Lilly, 73 Ind. 252; Louisville N. A. Ry. Co. v. Rush, 127 Ind. 549, 26 N. E. 1011. In the case of Railway Company v. Rush, cited above, the Supreme Court of Indiana, in passing upon an assignment urged against a charge similar to the one here challenged, says:

"The jury are expressly told in this instruction that they shall not consider· acts of affection simply and loss of companionship, and this admonition and express prohibition from considering mere acts of affection, companionship, happiness, comfort, and society of the child which the appellee has been deprived of by the loss of the child is repeated and stated more definitely in the other instructions; and they are further told they shall not consider any mental anguish suffered on account of the death of such child. Under these instructions, all that the words 'pecuniary value' of all acts of kindness and attention could be understood to apply to are such acts of kindness and attention as it would be expected a child would render to ·the members of the appellee's family which would be of some pecuniary value. The nursing of sick members of the family, and other favors and acts rendered, attending to the other children, all may be said to be acts of kindness and attention which are reasonably expected to be performed by a daughter while a member of the family; and they are of value to the father, for, if not performed by her, other help must necessarily be provided to perform them. There was no error in giving this instruction."

The assignment is overruled.

[2] By the second assignment it is insisted that—

"The court erred in the fifth paragraph of its charge to the jury, in that there was a duplication of terms and the charge was so drawn as to authorize a double recovery; the charge instructing the jury that they could consider everything that could be reasonably estimated in money, labor, service, kindness, and attention from a child to its parents. Several of these terms mean the same thing, and the use of these synonymous terms permitted the jury to allow for the same items twice, and to allow a double recovery of damages."

We think the objection urged to the charge is hypercritical and without merit. We cannot conceive that a jury of ordinary intelligence could have been misled by the charge given into allowing double damages as contended by appellant. The assignment is therefore overruled.

[3, 4] By the third and last assignment it is insisted that—

"The verdict and judgment should be set aside because the sum awarded to the plaintiff, $12,500, is grossly excessive, and is so excessive as to show the jury was actuated by prejudices or passion, or some other improper motive."

It is shown that the verdict of the jury was in favor of Mrs. Flattery for the sum of $12,500. It is stated in appellants' brief that the trial court required Mrs. Flattery to file a remittitur of $4,000, and that such remittitur was filed and entered of record, thus leaving the amount of the judgment $8,500.

Appellant's contention seems to be, first, that there was no evidence which did or could have reasonably authorized the finding of the jury that appellee had suffered damages in the sum of $12,500 by reason of the death of her daughter, and that the sum so found is so grossly excessive that it shows that the jury were actuated by prejudice or passion, or some other improper motive, and therefore the verdict of the jury could not be cured by a remittitur, and the trial court should have set aside such finding and have granted appellants a new trial; and, second, that the sum of $8,500 remaining after the filing of the remittitur is also excessive in amount, in that there was no evidence to support a judgment for any such sum.

We are unable to agree with either of these contentions. By article 1631, Revised Statutes 1911, it is provided that where the Court of Civil Appeals shall be of opinion that the verdict and judgment of the trial court is excessive, and for that reason only there should be a reversal, it shall be the duty of the court to indicate to the party, or his attorney, the amount to be remitted, and if such remittitur be filed the judgment shall be reformed and affirmed in accordance therewith, and, if not, reversed.

A showing that the verdict was grossly excessive alone would not be sufficient to authorize an appellate court to reverse the judgment rendered upon such verdict. In such case it is made the duty of the court, under the statute quoted, to indicate to the successful party the amount to be remitted, and if such remittitur be filed to reform and affirm in accordance therewith. It is only in such case as when it is shown that the verdict was so outrageously excessive as to show that the verdict was the result of passion, prejudice, or other improper influence, whereby the jury was prevented from giving fair consideration to the primary issue of liability, that the court is authorized to reverse because of an excessive verdict.

Appellant does not, nor can it reasonably, contend in this case that the verdict, by being grossly excessive, indicates that the jury was prevented by passion, prejudice, or other improper influence from giving fair consideration to the primary issue of liability, for the reason that appellant admitted its liability, as shown in its brief filed in this court.

In the case of G., C. & S. F. Ry. Co. v. Darby, 28 Tex. Civ. App. at page 416, 67 S. W. at page 448, it is said:

"A reversal of the judgment of the court below is sought on the ground that the verdict of the jury was so excessive in amount as to show that the jury had not given the case a fair consideration. We do not understand that this court is authorized to reverse a judgment of the trial court for excessiveness in the verdict where the appellee is willing to remit so much thereof as this court may think is excessive. If it appears from an examination of the record that there is no error for which the judgment should be reversed except that it is excessive in amount the statute allows this to be cured by a remitter. The verdict of the jury was for $22,500. The appellee voluntarily remitted $7,500 thereof, and the trial court, being of the opinion that it was still excessive, required a further remitter of $5,000, which was made, and judgment was entered for $10,000. This amount is not complained of, but the complaint is that the amount of the verdict was so excessive as to show such a bias on the part of the jury as prevented them from giving proper consideration to the facts. It is a peculiar case, but, the amount for which the judgment was entered having been arrived at by remitter, and being an amount that this court can approve, and the verdict as to liability being supported by the evidence, and there being no other ground for a reversal thereof, it is our duty to affirm the judgment."

The trial court, who has perhaps, in some respect, superadvantages over this court in passing upon the question of the excessiveness of the verdict of the jury, has required of appellee the filing of a remittitur of $4,000, which has been deducted from the judgment rendered upon the verdict, thus leaving the amount of the judgment in favor of appellee at $8,500.

We think the court properly required the remittitur and entering judgment for $8,500, instead of setting aside the verdict of the jury on appellant's motion for new trial, as we are not prepared to say that the evidence was insufficient to support the rendition of a judgment for such sum.

Having concluded that there was no such error committed in the trial of the case as should require a reversal of the judgment of the trial court, said judgment is affirmed.

Affirmed.