## LANGE CABLE TOOL DRILLING CO. v. BARNETT PETROLEUM CORPORATION.

### No. 11041.

Court of Civil Appeals of Texas. Galveston.

July 25, 1940.

Kirmit Smith and Aubrey A. Wilson, both of Gladewater, for appellant.

Florence & Florence, of Gilmer, and E. M. Dodson, of Marlin, for appellee.

MONTEITH, Chief Justice.

This is an appeal in an action brought by appellant, Lange Cable Tool Drilling Company, against appellee, Barnett Petroleum Corporation, to recover for labor performed and services rendered in drilling out a plug in an oil well owned by appellee in Upshur County, Texas, and to establish and foreclose an alleged lien against the property on which the well was located.

The action was originally brought against appellee and Phillips-Packer Company but was dismissed by appellant as to Phillips-Packer Company when the case was called for trial.

Appellant alleged that it had entered into an oral contract with Phillips-Packer Company to perform said labor and serv-

ices; that said contract had been ratified by appellee through its authorized agent, H. C. Duncan; that the said labor had been performed, its lien had been filed, and that all other acts necessary to protect its lien on the property on which said well was located had been done.

Appellee answered by general demurrer and general denial. It specifically denied that it had made any contract with appellant to do said work or that it had ratified any contract between appellant and Phillips-Packer Company to do said work. It pled that it had made a contract with the Phillips-Packer Company to plug said oil well at a specified price for the work prior to the time the work involved in this suit had been performed; that under said agreement it had no right to control the manner and method by which said work was done; that appellee did not employ appellant, and that, if appellant had performed the work alleged, said work was done for Phillips-Packer Company and not for appellee.

In answer to special issues submitted, the jury found, in effect, that appellant did not have an oral agreement with appellee for the performance of the services in question; that appellant had an oral agreement with Phillips-Packer Company for the performance of such services; and that H. C. Duncan, an agent for appellee, did not ratify said agreement or contract on its behalf to pay for said services. Based on said verdict of the jury judgment was rendered in favor of appellee.

The record shows that in November, 1938, appellee entered into a contract with Phillips-Packer Company to place a cement plug in its oil well known as Bradshaw #1 for the purpose of shutting off the salt water in the well, with the understanding that no charges would be made therefor in the event the plug did not produce the claimed results. The plug did not prove to be satisfactory, in that it shut off both the salt water and the oil in the well, and thereafter Phillips-Packer Company agreed with appellee that it would, at its own expense, drill the plug out of the well. The labor in question was performed by appellant under an oral agreement with Phillips-Packer Company.

The jury having found the ultimate issues made by appellants' pleadings in favor of appellee, to the effect that appellee had neither contracted with appellant nor ratified said contract or agreed to pay for the services rendered by appellant, the only questions to be determined in this appeal are whether reversible error was committed by the trial court in admitting in evidence testimony in reference to an agreement by Phillips-Packer Company with appellee to drill the plug out of said well without having specifically pled it, and in the admission in evidence of agreements by representatives of Phillips-Packer Company to drill the plug out of said well at its own expense which were made out of the presence of representatives of appellant.

Appellant, as a basis for its recovery, pled that it did certain work and performed certain services under an oral contract with Phillips-Packer Company and that said contract was ratified by appellee. Appellee denied that it had made a contract with appellant to perform said services or that it had ratified the contract between appellant and Phillips-Packer Company to plug said well for it for a specified price. It alleged that Phillips-Packer Company was an independent contractor and that if appellant had done any work on said well, it was done for Phillips-Packer Company and not for appellee.

On the trial of the case appellee introduced evidence showing that the plugging of said well did not produce satisfactory results and that thereafter Phillips-Packer Company agreed that it would, at its own expense, drill the plug out of the well.

■■ It is the settled law in this state that a pleader need only allege the ultimate facts constituting his claim or defense and that it is neither necessary nor proper to set forth the evidence by which he expects to prove it. 17 Tex.Jur. 340, Section 108. The evidence with reference to the plugging of said well, the fact that the results were unsatisfactory, and the subsequent agreement by the Phillips-Packer Company to drill the plug out of said well at its own expense was, we think, incidental to and admissible for the purpose of establishing appellee's defenses that Phillips-Packer Company was an independent contractor and that, if appellant had performed labor on said well, it was done for Phillips-Packer Company and not for appellee.

We cannot sustain appellant's contention that reversible error was committed by the trial court in permitting the introduction in evidence by appellee of statements made by representatives of the Phillips-Packer Company out of the presence of represen-

tatives of appellant that they would drill the plug out of said well without cost to appellee.

The only objection made to said testimony was a blanket objection made by appellant that "any agreement between Barnett Petroleum Corporation and Phillips-Packer Company is not binding on the plaintiff, * * * that any contract between Phillips-Packer Company and Barnett Petroleum Corporation would be hearsay as to this plaintiff", and also "that that is a stranger to this law suit in so far as any contract between Barnett Petroleum Corporation and Phillips-Packer Company are concerned."

■ The rule is laid down in 17 Tex. Jur. 340, that: "It is permissible to prove any fact that is relevant to the main fact in issue. To make testimony relevant, however, it is not necessary that it have a direct relation to one of the principal issues in the case, nor need it bear directly upon the issue. It may be relevant though it is but a link in the chain of evidence tending to prove the issue by reasonable inference."

The above rule is followed in the case of Southland Life Ins. Co. v. Norton, Tex. Civ.App., 297 S.W. 1083, 1088, in which the court in its opinion held that: "Any evidence which tends to prove or disprove any fact involved in the issue before the court is relevant and material, and this is true of evidence which only tends to prove or disprove a link in a chain of circumstances from which the fact in issue may be reasonably inferred."

■ The evidence in question was, we think, admissible to establish the defenses pled by appellee that Phillips-Packer Company was an independent contractor and that if appellant had done any work on said well it was done for Phillips-Packer Company and not for appellee. No question was raised by appellant as to the authority of the representatives of the Phillips-Packer Company who made said statements to bind the company, and the jury found, on sufficient evidence, that appellee had not agreed with appellant to perform said services and had not ratified the agreement between appellant and Phillips-Packer Company for the performance thereof.

Finding no reversible error in the record, the judgment of the trial court is, in all things, affirmed.

Affirmed.