**THOMPSON v. TEXAS ELECTRIC RY. CO.**

No. 2366.

Court of Civil Appeals of Texas. Waco.

Oct. 9, 1941.

Rehearing Denied Nov. 13, 1941.

Tirey & Maddin and Leonard Gorin, all of Waco, for appellant.

Witt, Terrell, Lincoln, Jones & Riley, of Waco, for appellee.

HALE, Justice.

This is a personal injury damage suit. The questions presented on the appeal for our decision relate to the relevancy of evidence and the argument of counsel.

Appellant, W. D. Thompson, sued appellee, Texas Electric Railway Company, alleging that on August 17, 1939, he attempted to board a passenger car at Italy, Texas, and while he was standing on the steps in the act of entering the car, appellee's motorman negligently started said car with a sudden jerk and at an unusually high rate of speed, thereby throwing him against the entrance of the car and causing serious injuries to his left side and shoulder. Appellee answered with a general denial, pleas of contributory negligence and plead specifically that appellant had sustained a severe injury to his shoulder many years ago and that his present condition was due solely to the old injury and the arthritic growths resulting therefrom. The jury found on special issues that the injuries complained of were not proximately caused by the negligence of appellee; that any disability which appellant might have had after August 17, 1939, was due solely to injuries and diseases existing prior to August 17, 1939; and that appellant failed to get on said car promptly, which was negligence on his part and which proximately contributed to cause his injuries, if any. The court rendered judgment on the verdict denying any recovery.

Appellant assigns error on the action of the trial court in permitting appellee to allege, and prove by him, over his timely objections, that he received the sum of $2,500 in settlement of his prior claim of damages. The grounds of the objections urged to such pleading and proof are that the same was immaterial, irrelevant and prejudicial. The bill of exception evidencing the ruling of the trial court on the admission of the testimony objected to contains a qualification which is, in part, as follows:

"The defendant in this case had plead over plaintiff's special exception and contended throughout the trial that plaintiff's condition was due to an old railroad accident in 1912, and it was the contention of the defendant that the injury of 1912 was to plaintiff's left shoulder, which is the same shoulder he contended was injured in the accident in question in this suit, and defendant contended that any pathology or unnatural conditions of the left shoulder revealed by the X-ray was due to the old injury of 1912. The doctors who treated the plaintiff for his 1912 injury were dead at the time of the present trial, and plaintiff contended that his injury of 1912 was only slight, and there was a serious question as to the extent of the 1912 injury, as to whether it was a slight injury disabling plaintiff for only about three weeks, according to his contention, or as to whether it was an injury of such consequences that it would leave plaintiff's shoulder in the condition shown by the X-rays presented in this suit. That the testimony as to the amount of the settlement was material to show the extent of such injury, and that said injury was serious and was also material to contradict the testimony of the plaintiff that the injury was slight and that he recovered from it in three weeks time. Especially is this true in view of the fact that the doctors who made the examination at that time were dead at the time of this trial, and that there was nothing to contradict the plaintiff's testimony except the amount of the settlement which he demanded and received, which is inconsistent with his testimony as to the trivial nature of the injury." The court then sets forth in the qualification the testimony supporting his findings.

The law does not furnish any precise and universal test as to the relevancy of evidence. The question must be determined in each case in relation to all the attendant circumstances. Generally speaking, any evidence is relevant and material which tends to prove or disprove any ultimate issue made by the pleadings, or to make the proposition at issue more or less probable, or which can throw any light on the transaction involved. See 17 Tex.Jur., p. 338, par. 106 and cases there cited. Appellant relies upon the holding

in the case of Houston & T. C. R. Co. v. Johnson, Tex.Civ.App., 118 S.W. 1150; Id., 103 Tex. 320, 127 S.W. 539, in support of his contention that the evidence here complained of was inadmissible. We doubt whether the holding in the Johnson case is applicable to the facts and circumstances revealed by the record in the case now before us.

But if the court below erred in admitting the testimony complained of, we do not think such error, if any, would warrant a reversal of the judgment appealed from. We can see how the testimony, if improperly admitted, was prejudicial to appellant on the issues as to the amount of his damages and as to whether his disability was due solely to the prior injury. Such testimony might have had some effect on the jury in their findings on the issues of proximate cause. However, we fail to perceive how the testimony complained of could have had any effect whatsoever on the jury insofar as their finding on the issues of contributory negligence is concerned. Since the jury found appellant guilty of contributory negligence, he was not entitled to any recovery regardless of how the jury might have answered all other issues submitted to them. This court has definitely held, and we think properly so, that any error in admitting evidence with reference to issues which become immaterial in view of other findings, is harmless. Federal Life Ins. Co. v. Sweeney, Tex.Civ.App., 18 S.W.2d 702, error dismissed.

The only errors assigned, in addition to those which we have already discussed, relate to argument of counsel. Appellant says it was improper for counsel for appellee to state to the jury in his argument that appellant had concealed the former accident, and that he had found out about the same in the course of their investigation and had "pulled out" of appellant the information concerning same when his deposition was taken. It is contended that such argument was without any support in the evidence and that the same was so prejudicial that the instruction from the trial court to the jury to disregard the same did not cure the error thus made. It affirmatively appears from the testimony and record that appellant submitted to a medical examination by Dr. Connally on behalf of appellee in connection with his claimed injuries, but he did not tell Dr. Connally that he had been in a prior acci-

dent; that he gave a written statement to an investigator for appellee concerning his claimed accident and injuries, but he made no reference in such statement to the former accident and injuries; that he did not tell anyone anything about the prior accident until his deposition was taken in this case. We think all the argument complained of was a legitimate inference to be drawn from the evidence, and that the trial court did not abuse its discretion in overruling the motion for new trial by reason thereof. Brazelton v. St. Louis S. W. Ry. Co., Tex.Com.App., 296 S.W. 290 and cases there cited.

The judgment of the trial court is affirmed.

TIREY, J., took no part in the consideration and disposition of this case.