**Larry Joel BORAK, Appellant,**

v.

**Mr. and Mrs. Robert BRIDGE, Appellees.**

No. 908.

Court of Civil Appeals of Texas, Corpus Christi.

May 29, 1975.

Rehearing Denied June 26, 1975.

James A. Smith, Allison, Maddin, White & Brin, Inc., Port Lavaca, for appellant.

Terry L. Scarborough, Gibbins & Spivey, Austin, for appellees.

## OPINION

YOUNG, Justice.

In this wrongful death action, Mr. and Mrs. Robert B. Bridge sued Larry J. Borak because of an automobile-pedestrian collision which resulted in the death of their 21-year-old son, Terry Bridge, on March 31, 1973. The case was tried to a jury which found, in response to special issues, several acts of negligence of Borak that proximately caused the collision. The trial court entered judgment for $26,954.00 in favor of the plaintiffs on the jury verdict. Defendant-Borak appeals.

On the evening of March 31, Terry with four friends drove from Refugio to Sun Valley, a dance hall near Victoria, Texas. They left Sun Valley about midnight proceeding toward Victoria on a state highway when a flat developed on the left rear wheel of their automobile. Terry was driving at the time. He stopped the car on an improved shoulder of the two lane highway near the traveled portion of the highway. While changing the tire, Terry and one of his friends were struck by a pickup truck driven by Borak. Terry never regained consciousness and was dead on arrival at the hospital.

Larry Borak had gone to work that day as usual as a welder in Wharton, Texas. He had started to drink beer that afternoon and was legally intoxicated at the time of the accident. Larry had left the dance a few minutes after Terry and was traveling the same direction on the highway as Terry had. Soon thereafter he struck and killed Terry with his right front fender at about the headlight on his side of the road.

Terry Bridge was a student at Texas Tech, on the spring break, when he was killed. He was single, had never been married, had no children, and was survived by only his mother and father, Mr. and Mrs. Robert B. Bridge. They brought this action for damages as a result of Terry's death.

In his nine points of error, appellant's attack on the judgment is addressed primarily to five alleged defects. Appellant contends that "advice and counsel" are not proper elements of damage in a wrongful death action; that the testimony of Dave Peyton regarding future earning capacity of a banker, as related to Terry Bridge, was inadmissible; that the court erred in admitting portions of a college theme, allegedly written by Terry, into evidence; that the jury award of $25,000 for pecuniary loss was excessive, not supported by any evidence, and motivated by bias and prejudice of the jury; finally, that the jury finding that Terry was not negligent in being on the traveled portion of the highway is contrary to the overwhelming weight and preponderance of the evidence.

By his first three points of error, appellant complains that the trial court erred in the following respects:

1. In allowing appellees' attorney to argue to the jury that they could consider the value of advice and counseling to be given by Terry to appellees.

2. In failing to instruct the jury that they could not consider the value of advice and counseling to be given by Terry.

3. In failing to grant appellant's motion for mistrial made in connection with appellees' closing argument that the jury could consider advice and counseling to be given by Terry.

These points of error raise one issue: Is appellees' loss of advice and counsel from their adult son a compensable loss? We hold that such loss is compensable.

■ The measure of damages in an action by a parent for the death of an adult child is the pecuniary loss actually sustained by the parent. Peek v. Parker, 210 S.W.2d 619 (Tex.Civ.App.—Fort Worth 1948, no writ); Dixon v. Samartino, 163 S.W.2d 739 (Tex.Civ.App.—Galveston 1942, writ ref'd w. o. m.).

■ "Pecuniary benefits" encompass those benefits, including money, that can be reasonably estimated in money, such as labor, services, kindness and attention of a child to its parents. Houston Electric Company v. Flattery, 217 S.W. 950 (Tex.Civ. App.—Galveston 1919, no writ). In Rideaux v. Lykes Bros. Steamship Company, Inc., 285 F.Supp. 153 (S.D.Texas—Houston Div.1968), the court noted that pecuniary benefits included advice and counsel that a widow might receive from her husband. Although *Flattery* involves the death of a minor child, and *Rideaux* the death of a husband, we note that Vernon's Tex.Rev. Civ.Stat.Ann. art. 4677 (1940) makes no distinction about the character or the value of services rendered by the deceased based on his age or relationship to the plaintiff. Rio Grande, El Paso & Santa Fe R. Co. v. Dupree, 56 S.W.2d 900 (Tex.Civ.App.—El Paso 1933, writ dism'd). In fact, this court has previously noted that parents may recover for loss of pecuniary benefits on account of their adult child's ". . . labor and his service and attention in ministering to the wants and necessities of [his] parents." Montoya v. Nueces Vacuum Service, Inc., 471 S.W.2d 110 (Tex.Civ.App. —Corpus Christi 1971, writ ref'd n. r. e.).

■ Clearly, advice and counsel which might have been given appellees by their son in areas of business decisions, family financial decisions, and personal dilemmas which they might encounter, have monetary value. Much of appellant's argument under his first three points is directed to the quantity of evidence which tends to show whether or not Terry Bridge would have given advice and counsel to his parents had he lived. This argument is not material to the issues raised by these points. Appellant's first three points of error are overruled.

By his fourth point, appellant complains that the trial court erred in admitting the testimony of Mr. Dave Peyton concerning the potential earnings of a person employed as a beginning banker and earnings in advancements above that beginning position.

With one exception, the cases cited by appellant and appellees are not factually in point. Bonnet v. Galveston, H. & S. A. Ry. Co., 33 S.W. 334 (Tex.Sup.1895), cited by appellant, deals with a father's suit to recover damages for the death of his adult son. The evidence revealed that the deceased, just before his death, was preparing himself to become a machinist and engineer. The trial court excluded evidence about the wages that machinists and engineers ordinarily receive for their services. The Supreme Court held that the probability of the decedent's becoming an engineer or machinist was too remote, contingent, and speculative to throw any light upon his probable future earnings. In *Bonnet*, the extent of the decedent's preparation to become a machinist or engineer is not stated.

■ In the case before this Court, the uncontradicted evidence is that Terry, although still interested in journalism, wanted to major in business. He wanted to go into banking and was studying business in his third year at Texas Tech; he was seeking a degree in business. He had spoken of plans to get a part time summer job at a bank in Dallas. This evidence tended to show that Terry would pursue a banking

career. In light of this evidence, testimony regarding the probable earnings which he could have anticipated, had he lived was relevant. The law does not furnish a precise test for relevancy. The question must be determined on a case by case basis in relation to all the attendant circumstances. Thompson v. Texas Electric Ry. Co., 155 S.W.2d 624 (Tex.Civ.App.—Waco 1941, writ ref'd w. o. m.). The testimony of which appellant complains tends to illuminate the issue of damages due to appellees' loss of future support from their son. Such damages are in issue in this case. Because it bears on the issue of damages, this testimony by Mr. Peyton is relevant. Thompson v. Texas Electric Ry. Co., supra; Lange Cable Tool Drilling Co. v. Barnett Petroleum Corporation, 142 S.W.2d 833 (Tex.Civ.App.—Galveston 1940, no writ); Pound v. Popular Dry Goods Co., 139 S.W.2d 341 (Tex.Civ.App.—El Paso 1940, no writ).

■ Appellant's complaint that Mr. Peyton's testimony was founded upon facts not in evidence is without merit. It has been held that evidence of salary increases due to prospective promotions is proper for the jury to consider. See St. Louis Southwestern Ry. Co. of Texas v. Bounds, 283 S.W. 273 (Tex.Civ.App.—Texarkana 1926, writ dism'd); Schaff v. Ridlehuber, 261 S.W. 523 (Tex.Civ.App.—1923, writ dism'd); Lancaster v. Allen, 231 S.W. 148 (Tex.Civ.App.—Texarkana 1921, writ ref'd); Hines v. Walker, 225 S.W. 837 (Tex.Civ.App.—Fort Worth 1920, writ ref'd). Appellant's fourth point of error is overruled.

By his fifth point, appellant contends that the trial court erred in admitting portions of plaintiff's exhibit # 2, a college theme, into evidence. The portions admitted into evidence reflect the religious or philosophical background of Terry Bridge. The document indicates that Terry Bridge derived many of his beliefs from his parents; he respected manual labor, yet he preferred a job "where I would not have to

work as hard as my dad, yet make a good living."

Appellant objected to the admission of those portions of that document into evidence on the grounds that the theme, being a copy, was improperly authenticated; that the statements in the document were hearsay; and that the statements in the document were not material to any issues in controversy.

■ Generally, a writing, in and of itself, is not evidence. It must be accompanied by proof of some type to show that it is genuine and was executed by the party charged with its execution. Morris v. Ratliff, 291 S.W.2d 418 (Tex.Civ.App.—Dallas 1956, writ ref'd n. r. e.); Bliss v. City of Fort Worth, 288 S.W.2d 558 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n. r. e.); Hinrichs v. Texas & N. O. R. Co., 153 S.W.2d 859 (Tex.Civ.App.—Fort Worth 1941, writ ref'd w. o. m.). Proof of execution may be circumstantial. Abeel v. Weil, 115 Tex. 490, 283 S.W. 769 (Tex.Comm'n of Appeals 1926, opinion adopted); Groesbeck v. Wiest, 157 S.W. 258 (Tex.Civ.App.—San Antonio 1913, no writ). We hold that there was sufficient evidence that the author of the original of the document in question was Terry Bridge. The decedent's father, Mr. Bridge, testified that Dr. Pinder, a professor at Texas Tech University, sent Mr. Bridge the self-concept theme that Terry Bridge had written. Mr. Bridge stated that plaintiffs' exhibit # 2 was a true and accurate copy of the original theme which had been laminated and is in the possession of Mr. Bridge. Stephen Dale Puckett, a roommate and classmate of Terry Bridge, took the same family relations course for which the self-concept theme was written. Mr. Puckett and Terry had written their required self-concept themes at the same time. Terry had discussed part of his theme about his parents with Mr. Puckett. The portions of the theme admitted into evidence concerning Terry's religious beliefs, his philosophy of life, his parents, and

his background in manual labor, matters which would be known only to Terry Bridge and his parents, all correspond with testimony on the same subjects given by appellees. In light of these circumstances, we hold that there was ample proof that Terry Bridge was the author of the self-concept theme and that plaintiffs' exhibit # 2 was a properly authenticated copy of that theme.

In order to show how much Terry Bridge would have contributed to their support, appellees are permitted to show the character of their son and his affection and disposition toward his father and mother. Peek v. Parker, supra; see also Allen v. Riedel, 425 S.W.2d 665 (Tex.Civ.App.— Eastland 1968, no writ). The portions of the theme admitted into evidence were indicative of the state of mind of Terry. This state of mind is indicative of his character. The complained of evidence was material, therefore, to the issue of future support which appellees properly would have received from their son.

The portions of the theme admitted into evidence were not hearsay. This is so because declarations of persons, since deceased, made prior to the time the cause of action arose, are admissible to show the declarant's intention to support the mother or father, in an action for wrongful death. Simpson v. Vineyard, 324 S.W.2d 276 (Tex. Civ.App.—El Paso 1959, no writ); Gulf C. & S. F. Ry. Co. v. Hicks, 202 S.W. 778 (Tex. Civ.App.—Amarillo 1918, no writ).

Appellant's fifth point should be overruled for the further reason that any error committed by the trial court in admitting portions of plaintiffs' exhibit # 2 was harmless error. The portions of appellees' exhibit # 2 which were admitted into evidence were substantially the same as testimony offered by several of appellees' witnesses. These witnesses testified about Terry's religious beliefs, his background in manual labor, his never-give-up attitude,

his desire for a good job, and other similar matters. This testimony was admitted into evidence without objection. Under these circumstances, the error, if any, is harmless. Bolin Oil Company v. Staples, 496 S.W.2d 167 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n. r. e.); Gulf, Colorado & Santa Fe Railway Company v. De Leon, 373 S.W.2d 886 (Tex.Civ.App.—Eastland 1963, writ ref'd n. r. e.); Texas Rules of Civil Procedure, rule 434. Appellant's fifth point of error is overruled.

Appellant's sixth, seventh and eighth points of error will be discussed together. Appellant's sixth and seventh points assert that the trial court erred in overruling defendant's motion for new trial because: there is no evidence to support the jury's answer ($25,000.00) to special issue no. 18; the jury's answer to that special issue was the result of bias and prejudice against the defendant. Appellant's eighth point of error argues that the trial court should have ordered a remittitur.

In reviewing appellant's sixth point of error we examine only that evidence in favor of the jury finding. In re King's Estate, 244 S.W.2d 660 (Tex.Sup. 1951). It was uncontradicted that Terry and his parents were very close. Terry was of the Christian faith and of good moral character. He was industrious, bright, hardworking, and frugal. Terry Bridge was not married. He was interested in pursuing a banking career, and was seeking his bachelor's degree in Business Administration at Texas Tech University. Mr. Dave Peyton testified that upon beginning his career in banking a young man such as Terry could expect to earn between $600.00 and $700.00 per month. After ten year's experience, this young man could earn between $18,000 and $20,000 per year; after twenty-five years, in excess of $30,000 per year. Mr. Bridge also received advice and counsel from Terry. All of this evidence is relevant to the issue of how much Terry might have contributed to his parents' sup-

port. Peek v. Parker, supra; Houston Electric Co. v. Flattery, supra; Rideaux v. Lykes Bros. Steamship Company, Inc., supra. Because probative evidence supports the jury's answer to special issue no. 18, appellant's sixth point is overruled.

Upon a careful review of the entire record, we are unable to find any indication that the jury's response to special issue no. 18 was motivated by bias and prejudice. Evidence in a case such as this one cannot furnish the measure of damages with such certainty and accuracy as is possible in some other cases. Therefore, the question of damages must be left to the discretion of the jury. Jasper County Lumber Company of Texas v. McMillan, 188 S.W.2d 731 (Tex. Civ.App.—Beaumont 1945, writ ref'd).

■ In the absence of a clear showing that passion, prejudice or other improper matters influenced the jury, the amount assessed by them will not be set aside as excessive. J. A. Robinson Sons, Inc. v. Ellis, 412 S.W.2d 728 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.). Appellant's seventh and eighth points of error are overruled.

Appellant's ninth point of error asserts that the jury finding that Terry Bridge was not negligent is against the overwhelming weight and preponderance of the evidence. The jury found that Terry was in the traveled portion of the highway at the time of the accident and that it was not negligence for him to be there. In addressing ourselves to this contention, we consider all the evidence presented to the jury. In re King's Estate, supra; O'Neill v. Craig, 493 S.W.2d 898 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.).

■ Contributory negligence is a question of fact for the jury when the evidence shows that the plaintiff, with knowledge or chargeable with knowledge of the danger, exercised some care. Lang v. Henderson, 147 Tex. 353, 215 S.W.2d 585 (1948); Lough-

ry v. Hodges, 215 S.W.2d 669 (Tex.Civ.App.—Fort Worth 1948, writ ref'd n. r. e.).

The evidence in favor of appellant's point of view is as follows: Defendant-appellant did not know whether the flashers on the parked auto were on or not. Terry Bridge was on some portion of the traveled highway. It was dark. Appellant did not see the girls (who had been passengers in Terry's car) flagging traffic. James Vyvial stated that at the time he passed the parked car the emergency flasher lights were not on, and the trunk was not open. He only saw two men and did not see any girls. There was a driveway fifty or sixty feet from the area where the vehicle driven by Terry was parked. Theoretically, a driver of a vehicle fifty or sixty feet away from the driveway, with his headlights on, should have been able to see the driveway and to park there in safety. A photograph (defendant's exhibit # 12) seems to show no reason why the disabled automobile could not have been positioned farther off the road.

■ Briefly stated, the evidence in favor of appellees is as follows: At the time of the accident it was dark. A passenger in the automobile stated that they were unable to see any driveways nearby and did not know of any. Both defendant's exhibit # 12 and plaintiffs' exhibit # 9 (both photographs) show that grass along the shoulder of the highway in the area of the accident grows tall at times. The emergency flashers on the auto driven by Terry Bridge were on at the time of the accident. At that time, the trunk was open and the trunk light and headlights were on. Shelly Newman and Jean Johnston (two of Terry's passengers) stationed themselves on the shoulder of the highway a distance behind the parked car in order to flag on-coming vehicles. Shelly was two to three car lengths behind the car and was using a red vest for a flag. Other automobiles had passed the parked car while Terry and another passenger were removing the flat

tire. It was evident to Vance Claybrook, Jr., another passenger, that all the on-coming cars saw the signals and the girls' flagging. Further, appellant stated that he would not dispute the contention of other witnesses that the emergency flashers were on and working at the time of the collision. If the jury chose to believe the evidence favorable to appellees, it could have reasonably found that Terry Bridge acted as a reasonable prudent man would have acted in the exercise of ordinary care under the same or similar circumstances. We hold that the jury's finding of no negligence against Terry was not contrary to the great weight and preponderance of the evidence. Appellant's ninth point of error is overruled.

The judgment of the trial court is affirmed.