## DUNLOP v. POOLE.

### No. 11282.

Court of Civil Appeals of Texas.
San Antonio.

April 14, 1943.

Rehearing Denied May 12, 1943.

Wilcox & Wood, of Georgetown, for appellant.

Bruce W. Teagarden, of San Antonio, and L. B. Cooper, of Cotulla, for appellee.

MURRAY, Justice.

This is an appeal by D. H. Dunlop from a judgment of the District Court of La Salle County, wherein Dunlop in a trespass to try title suit was denied the recovery of a certain 160 acre tract of land known as the Southeast one-fourth (¼) of Section Eight (8), of the Cotulla Ranch Lands in La Salle County, Texas, and the title and possession thereof awarded to Hogue Poole.

Dunlop relied upon a record title, while Poole relied upon title by the ten-year statute of limitation. Art. 5510, et seq., Vernon's Ann.Civ.Stats. It was agreed in open court that Dunlop had a good record title to the land, unless it was defeated by limitation. Hogue Poole had only been in possession of the land for some eight years, and he was required to rely in part upon the prior possession of his father, T. H. Poole, from whom he had purchased the 160 acres.

There is no question about the Pooles having good limitation title to the land, unless it is defeated by the fact that T. H. Poole was tax collector of La Salle County during all the time the Pooles were in possession of the land and his deputies permitted Dunlop to pay taxes upon this land for each and every year. There was also correspondence between the tax collector's office and Dunlop as to the amount of taxes and other similar matters during this time. T. H. Poole had no actual knowledge of the payment of the taxes or of the correspondence, but did have constructive knowledge of such matters.

220

■ Appellant contends that T. H. Poole, by accepting taxes each year from Dunlop, acknowledged Dunlop's title to the land, and thus the running of the statutes of limitation was interrupted. We overrule this contention. It was the duty of the tax collector to receive the payment of these taxes from Dunlop. It would have been improper for him to have done otherwise, but by doing so T. H. Poole in no way acknowledged that his possession of the property was subservient to the title asserted by Dunlop. Especially is this true where Poole personally had no knowledge of such matters.

■ Appellant next contends that when T. H. Poole, as tax collector, accepted the assessment rolls of La Salle County, wherein this land was assessed to Dunlop, he acknowledged Dunlop to be the legal owner of the land and thereby his hostile possession was interrupted. We also overrule this contention. The trial judge affirmatively found that T. H. Poole, who held the two offices of Sheriff and Tax Collector, gave personal attention to the Sheriff's office, but turned the affairs of the Collector's office entirely over to B. Wildenthal, Jr., and other deputies and assistants, and had no personal knowledge of the affairs of that office and especially the fact that these 160 acres had been assessed to Dunlop. If the rule here contended for by appellant should be adopted it would be unsafe for a person owning real estate to become tax collector of a county,, because if he accepted an assessment roll upon which his property was assessed to some one else he might forfeit his property, especially if his title, as is so often the case, depended upon limitation.

■ Appellant next contends that T. H. Poole should be precluded by estoppel and by public policy from asserting a limitation title to the land upon which Dunlop had paid taxes and Poole's deputies had issued him a receipt. The payment of taxes does not enter into establishing title by the ten-year statute of limitation. It depends entirely upon open adverse and hostile possession of the land for ten or more years. The Pooles were in open, adverse and hostile possession of the land, and the only way this possession could have been prevented from ripening into title was for Dunlop to file suit for the recovery of the land, it could not be done by simply paying taxes. It is true that T. H. Poole, as a public official, was charged with knowledge of the payment of these taxes, but such knowledge is not charged to him as an individual. Even if he did have such knowledge as a private citizen it would not be sufficient to defeat his title by limitation.

We have found no authorities in point upon the questions involved herein and therefore cite none.

The judgment of the trial court is affirmed.