### D. H. DUNLOP v. HOGUE POOLE.

No. 8144. Decided December 1, 1943.
Rehearing overruled January 12, 1944.
(176 S. W., 2d Series, 310.)

*D. B. Wood,* of Georgetown, for petitioner.

It was error for the trial court to render judgment for the defendant on his plea of ten years limitation, when the evidence showed that his possession was for a term of eight years and that his father, under whom he claimed, was sheriff and collector of tax in LaSalle County for all the years in question and that plaintiff as owner of said land had paid taxes on said land through the office of said collector and each of said payments and the receipt thereof was an acknowledgment on the part of said defendant's father that plaintiff was the owner of said

land, and it was error for the Court of Civil Appeals to affirm such holding. Heye v. Moody, 4 S. W. 242; Snouffer v. Heisig, 130 S. W. 912; Foster v. Jeffers, 205 S. W. 122.

*L. B. Cooper,* of Cotulla, and *Bruce W. Teagarden,* of San Antonio, for respondent.

The fact that defendant's father, through whom defendant claims title, was sheriff and tax collector of LaSalle County for the years in question, and through his deputies and assistants discharged the duties of said office, did not preclude or estop him individually, situated as he was, from claiming title by limitation under the ten years statute to the land in question, and his possession together with that of defendant complied with all the requirements and essentials of said limitation statute. Craig v. Cartwright, 65 Texas 424; Brown v. Fisher, 139 S. W. 357; Houston Oil Co. v. Jones, 109 Texas 89, 198 S. W. 290; Cox v. Sherman Hotel Co., 47 S. W. 809.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is an action in trespass to try title to 160 acres of land, known as the southeast one-fourth of Section 8 of the Cotulla Ranch Lands in LaSalle County, Texas, brought by D. H. Dunlop against Hogue Poole, and others who disclaimed before the trial. Judgment for the defendant was affirmed by the Court of Civil Appeals. 171 S. W. (2d) 219.

We quote from the opinion of the Court of Civil Appeals the following paragraph:

"Dunlop relied upon a record title, while Poole relied upon title by the ten-year statute of limitation. Art. 5510, et seq., Vernon's Ann. Civ. Stats. It was agreed in open court that Dunlop had a good record title to the land, unless it was defeated by limitation. Hogue Poole had only been in possession of the land for some eight years, and he was required to rely in part upon the prior possession of his father, T. H. Poole, from whom he had purchsed the 160 acres."

Dunlop purchased the land in controversy about 1907 or 1908, and has paid the annual taxes assessed against the land every year, before they became delinquent, from 1908 through 1939. He resides in Williamson County, and has made only four trips to LaSalle County: one at the time the land was purchased, one in 1928, another in 1930, and the last in May or June of 1940. So far as the record reveals, the only contract that Dunlop

has had with any person in LaSalle County has been the payment of taxes on the land in controversy, together with several communications with the tax collector's office and the visits mentioned above.

In 1923, T. H. Poole, the father of Hogue Poole, acquired and went into possession of approximately 1,600 acres of land adjacent to the land in controversy, and at that time he removed a fence which separated his land from the land here involved; which caused it to become part of the larger tract. In 1928 Poole acquired a quitclaim deed to the land in controversy from Blanche E. Naylor, Brazilla Naylor Morton, and A. H. Morton; the consideration being various services rendered by Poole to A. H. Norton over a long period of years. The trial court found that the land was assessed in the name of T. H. Poole, and that he paid the taxes from 1928 until 1932, at which time he sold the land to Hogue Poole, who paid the taxes through 1941. However, it was found that the taxes were not paid currently for any successive period of five years since 1928. It was agreed in the court below that Dunlop has good record title and is entitled to judgment, unless Poole establishes title by limitation. Hogue Poole failed to make out his title under the five-year statute, and must necessarily depend upon T. H. Poole's possession for approximately two years of the ten-year period.

T. H. Poole has been the sheriff and tax collector of LaSalle County since 1909, and in 1934 he assumed the additional office of tax assessor. The uncontradicted evidence shows, and the trial court found, that T. H. Poole left the operation of the office of tax collector to B. Wildenthal, Jr., and had no actual knowledge of the affairs of that office. The tax receipts issued to Dunlop were in the name of T. H. Poole, but were executed by various deputies. There was some correspondence between Dunlop and the office of the tax collector concerning his land, but T. H. Poole knew nothing of the tax receipts or the correspondence.

The law authorizes each assessor and collector of taxes to appoint deputies to assist in the assessment and collection of taxes. Article 7252, Vernon's Annotated Civil Statutes. We think T. H . Poole's rights and duties were the same when he acted through his official deputy as if he had handled the transactions in person. When Dunlop paid his taxes on this land, equity, good conscience, and public policy called on T. H. Poole to inform Dunlop that he, Poole, was claiming the land and rendering same for taxation. Certainly T. H. Poole should not have re-

mained silent under such circumstances; nor, by reason of such silence, can he take advantage of same and claim a limitation title to Dunlop's land. It would certainly be unsound, unjust, and against public policy to announce a rule which would place a public official in a more favorable position than that given him by law, and thus permit him to acquire good title to land by limitation, by reason of his delegation of duties imposed upon him to some deputy.

The parties in the trial court agreed that if judgment were entered for Dunlop, he should also recover from Poole the sum of twenty cents per acre per year, from September 2, 1938, to the date of the trial, as the reasonable rental value of the land.

The judgments of the trial court and the Court of Civil Appeals are reversed, and judgment is here rendered for petitioner for the land and the agreed rental as above stated.

Opinion delivered December 1, 1943.

Rehearing overruled January 12, 1944.