## HANCOCK v. FROST LUMBER INDUSTRIES, INC., OF TEXAS.

### No. 4243.

Court of Civil Appeals of Texas. Beaumont.

Sept. 21, 1944.

Rehearing Denied Oct. 18, 1944.

S. M. Adams, of Nacogdoches, for appellant.

W. I. Davis, of Center, for appellee.

COE, Chief Justice.

This was a suit in the ordinary form of trespass to try title, in which the appellee, as plaintiff in the trial court sued the appellant as defendant for a 112 acre tract of land, alleging that on or about January 1, 1942, it was lawfully seized and possessed of said tract, holding and claiming the same in fee simple, and describing it by metes and bounds. Plaintiff also plead the 3, 5, 10 and 25 year statute of limitation, and also the 25 year statute as provided in Article 5519a, Vernon's Ann.Civ.St. That on February 1, 1942, defendant unlawfully entered and dispossessed the plaintiff. Defendant went to trial on an amended original answer and cross action in which he plead the general issue of not guilty, improvements in good faith, and the 10 year limitation statute. Thereupon plaintiff filed its supplemental petition denying the allegations thereof.

After the issues were thus joined, the defendant demanded the right to open and close under Rule 266, Texas Rules of Civil Procedure, and made the admission requisite therefor. Whereupon an order was entered by the court authorizing defendant to open and close the cause, and the trial proceeded under that order to verdict and judgment. At the close of the testimony, the plaintiff moved for an instructed verdict on the evidence and the admission made by the defendant, which motion was by the court overruled and the case was submitted to the jury on four special issues, substantially as follows: (1) Did Elmer Hancock have peaceable and adverse possession of the land sued for for a period of 10 continuous years, or more, after December 13, 1889, and before December 31, 1902; (2) same in effect as No. 1 for any period after January 1, 1905, and before December 31, 1923; (3) did the plaintiff have peaceable and adverse possession, etc. for a period of 25 years after November 3, 1904, and prior to June 11, 1943; (4) the same in effect as No. 3 as to a period of 25 years immediately preceding June 11, 1943?

The jury answered No. 1, Yes, No. 2, No, No. 3, Yes, and No. 4, Yes.

Plaintiff moved for judgment non obstante veredicto, and also moved for judgment in its favor on the verdict. Defendant also moved for judgment non obstante veredicto. The court rendered judgment for the plaintiff. The defendant filed a motion for new trial which was in due time overruled and the defendant appealed to this court.

The appellant predicates his appeal on six points, but as we view the law of this case it is unnecessary for us to discuss any of his points except the first, which

is as follows: "The court erred in rendering judgment on admission of cross plaintiff and defendant as admission was in line with Rule 266 of Civil Procedure." The appellant states in his brief that the admission of plaintiff's cause of action was made under Rule 266 of Civil Procedure with the full knowledge of the holding of our courts under old Rule No. 31 of Civil Procedure, and concedes that if his admission is to be given the same effect under Rule 266 of Civil Procedure as was given by the courts under old Rule 31, that this court would be compelled to affirm the judgment of the trial court. Appellant earnestly insists that the last sentence in Rule 266 serves to change the effect of the rule and makes inapplicable such cases as Meade v. Logan, Tex.Civ.App., 110 S.W. 188; Workman v. Ray, Tex.Civ.App., 180 S.W. 291; Ferguson v. American Bank & Trust Co., Tex.Civ.App., 13 S.W. 2d 459; Fay v. Fay, Tex.Civ.App., 151 S.W.2d 607; Smith et al. v. Frost, Tex. Com.App., 254 S.W. 926, and many other cases construing the effect of admissions under Rule 31, and cites the case of Dunlop v. Poole, Tex.Sup., 176 S.W.2d 310, in support of his contention.

Rule 266 provides: Except as provided in rule 269 the plaintiff shall have the right to open and conclude in evidence and argument unless the burden of proof *on the whole case* rests upon defendant, or "unless the defendant * * * shall, after the issues of fact are settled and before the trial commences, admit that plaintiff is entitled to recover as set forth in the petition, except so far as he may be defeated, in whole or in part, by the allegations of the answer constituting a good defense, which may be established on the trial * * *. The admission shall not serve to admit any allegation (of plaintiff) which is inconsistent with such defense, which defense shall be one that defendant has the burden of establishing, as for example, * * * adverse possession * * *." In order for the defendant to have the right to open and close the case the Rule requires an admission that plaintiff is entitled to recover and therefore needs no support in proof of his allegations except those inconsistent with "Allegations of the answer constituting a good defense, which may be established on the trial." It also provides that the admission does not admit anything inconsistent with such defense which defense shall be one that defendant has the burden of establishing.

As we view the matter, the defendant admitted every allegation made by the plaintiff to be true except such as is inconsistent with the allegation of the answer constituting a good defense which was established on the trial. As stated above, the jury found in answer to special issue No. 1 that the defendant had peaceable and adverse possession of the land involved in this suit for a period of 10 years after December 13, 1889, and before December 31, 1902, and in answer to special issue No. 2 they found that the defendant did not have adverse possession of the land for 10 years after January 1905 and before December 31, 1923. Therefore the defendant did not establish a defense that was inconsistent with the allegations of the plaintiff to the effect that they had peaceable and adverse possession of the land involved for 25 years before the filing of suit, nor was it inconsistent with their plea under the 25 year statute as provided for in Article 5519a. It necessarily follows that we are of the opinion that upon the failure of the defendant to allege and establish a defense that was inconsistent with the cause of action plead by the plaintiff, that the plaintiff was entitled to a judgment for the land sued for.

We are unable to agree with appellant that the opinion in the case of Dunlop v. Poole, supra, supports him in his contention with reference to construction of Rule 266. In that case there was no admission made under Rule 266 but, as we understand the case, it was simply an admission by the defendant that the plaintiff owned the record title to the land involved, subject to be defeated by the limitation title plead by the defendant. There was no question involved as to the defendant having the right to open and close, and the admission was limited to the record title.

Under the record as made and the admission of appellant, we are of the opinion that he is precluded from denying plaintiff's title and it therefore becomes unnecessary for this court to discuss the other points urged by appellant.

The judgment of the trial court is affirmed.