

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 11, 1972

Hon. Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas   78711

Dear Mr. Calvert:

Opinion No. M- 1211

Re:   Certain questions concerning
operations of the office of
a county tax assessor-collect
when the latter dies.

Your request for an opinion reads in part as follows:

"The recent demise of a County Tax Assessor-
Collector caused several questions to be raised
at the State level as to what action should be
taken to insure the interests of the State of
Texas are thoroughly protected when the tax
office remains open for business under the
jurisdiction of one or more chief deputies,
prior to the appointment of a successor by
the Commissioners' Court.

"My specific question is:

"(1)   Must the tax office remain closed
until the chief deputy furnishes a surety
bond payable to the Governor of Texas?"

Each assessor and collector of taxes is authorized to
appoint deputies to assist him in the assessment and collection
of taxes.   Articles 3902 and 7252, Vernon's Civil Statutes.

In Dunlop v. Poole, 142 Tex. 124, 176 S.W.2d 310 (1944),
it was held that the rights and duties of a tax assessor-collector
are the same when he acts through his official deputy as if he
handled the transaction in person.   Therefore, acts of deputies
to assess and collect taxes, when acting in their official capacity,
become the official acts of the assessor and collector of taxes.
In accord, 43 Am.Jur. 220-221, Public Officers, Sections 462 and
463.

Attorney General's Opinion O-220 (1939) involved the
authority of deputies to accept and issue receipts for taxes during
the interim between the death of the assessor and collector of taxes

-5944-

and the qualification of his successor in office.  It was held in this opinion that:

>    ". . . Without intimating that these men [duly appointed deputies] were not de jure officers in the fullest sense, we express the opinion that they were at least de facto officers and empowered to accept tax money and issue valid receipts therefor during the period inquired about [between the death of the assessor and collector of taxes and the qualification of his successor]."
> (Brackets ours)

Article 6252-1, Vernon's Civil Statutes, provides:

>    "When there shall occur a physical vacancy in a public office in this State, by reason of death or otherwise, the duties and powers of such office shall immediately devolve upon the first assistant or chief deputy if there be one, who shall conduct the affairs of the office until the vacancy in the term thereof shall be filled by the appointment or election and qualification of a successor to the principal officer; should any vacancy occur while the Legislature is in Session (where the appointee must be confirmed by the Senate) such first assistant or chief deputy (as such) shall not discharge the duties of the office for a longer period than three (3) weeks and in no event after such Session of the Legislature has adjourned.  The provisions hereof shall not apply to vacancies in the membership of boards or commissions."

Article 7251, Vernon's Civil Statutes, provides:

>    "No collector shall enter upon the discharge of the duties of the office until all of the bonds required of him by law for the collection of any taxes, State, county or special, shall have been given and approved."

In view of the provisions of Article 6252-1, the duties and powers of the assessor and collector of taxes under the facts

presented immediately devolve upon the chief deputy. In view of the provisions of Article 7251, the discharge of such duties may not be performed until all the bonds required of him shall have been given and approved.

In view of the foregoing you are advised that in the event of the death of the assessor-collector of taxes, the office must remain closed until the chief deputy has made bond required by law for the performance of the duties imposed upon him by the vacancy created by the death of the assessor-collector of taxes.

## S U M M A R Y

Where an assessor-collector of taxes dies or the office becomes vacant for any other reason, the duties immediately devolve upon the chief deputy. Article 6252-1, Vernon's Civil Statutes. Such duties may not be performed, however, until the bond required of the chief deputy assuming the duties of assessor-collector of taxes shall have been given and approved. Article 7251, Vernon's Civil Statutes. The office must remain closed until such bond is given and approved.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bill Campbell
Harriet Burke
Gordon Cass
William J. Craig

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant