P. J. LAWLESS V. SAM EVANS, SR.

(No. ——.)

APPEAL from Tarrant County.    Opinion by WHITE, P. J.

J. A. HOLLAND and BYRON G. JOHNSON, counsel for appellant.

No counsel appeared for appellee.

§ 26. *Warranty of title to land; proof of breach of entitles plaintiff to nominal damages, though there is no*

*evidence as to the value of the land.* Appellant sued Evans for $429.75 damages for breach of covenant of title to land. He claimed that the title had wholly failed to 136x461 feet of the tract. and that $429.75 was the proportional purchase price of that part of the land. On the trial by the judge without a jury, there was a judgment for defendant Evans, the appellee on this appeal. The judge below filed his conclusions of law and fact, and appellant's assignments of error call in question the correctness of said findings. As to the facts, the court found that plaintiff had purchased the land described in his petition, two lots, from defendant, and had paid $1,000 for the same, and that defendant had warranted the title to the same; that the title had wholly failed to one lot, or 136x461 feet of the land, as alleged in plaintiff's petition. The court further found "that plaintiff is entitled to recover of defendant the amount of the purchase price of the lot, the title to which has failed." But "there being no evidence as to the value of said lot, the title to which has failed, or as to what portion of the purchase price of the lots was paid for same (that is, the 136x461 feet), the plaintiff cannot recover, and it is so adjudged." Without discussing other questions raised in the record, we are of the opinion the judgment in favor of defendant was erroneous. Having found that there was a covenant of warranty of title, and that the same had wholly failed, plaintiff was unquestionably entitled to nominal damages, if no more, and he should have had a judgment at least for his nominal damages and costs of suit. "The failure to perform a duty or contract is a legal wrong, independent of actual damage to the party for whose benefit the performance of such duty or contract is due. The omission to show actual damages, and the inference therefrom that none have been sustained, do not necessarily render the case trivial. The law has regard for the substantial rights of the parties, though it may overlook trivial things. When such

46

right is violated the maxim *de minimis non curat lex* has no application. The court will add nominal damages to the finding of a jury when necessary to such rights, as in the instance to carry costs. So a judgment which should have been given for a plaintiff for nominal damages, but which was rendered for the defendant, will be reversed if such damages will entitle the plaintiff to costs. [1 Suth. Dam., pp. 13, 14.]

November 27, 1889.          Reversed and remanded.