## PHŒNIX MUT. LIFE INS. CO. v. BERNFIELD.

### No. 9923.

Court of Civil Appeals of Texas. San Antonio.

Feb. 11, 1937.

Abney & Whitelaw, of Brownsville, and Coker, Rhea & Vickrey, of Dallas, for appellant.

Myrick & Johnson, of Harlingen, for appellee.

MURRAY, Justice.

This suit was instituted by appellant, Phœnix Mutual Life Insurance Company, in the district court of Cameron county against H. B. Cannon and wife, May V. Cannon, H. R. Hamilton, Martin Bernfield, E. L. Bristol, and Alfonzo Garza, seeking to recover the amount of principal, interest, and attorney's fees due upon one certain deed of trust note in the principal sum of $1,000, signed by H. B. Cannon and wife, May V. Cannon, and for foreclosure of a deed of trust lien against 20 acres of land in Cameron county given to secure the payment of the note.

Cannon and wife conveyed the 20 acres to H. and Louise Scheltinga, who in turn conveyed it to H. R. Hamilton, and as part of the consideration of said conveyance H. R. Hamilton assumed the payment of the $1,000 deed of trust note. Hamilton conveyed to Martin Bernfield, and it was recited in this conveyance that Bernfield assumed the payment of said deed of trust note.

The trial court granted appellant judgment for the sums due on the deed of trust note and a foreclosure of the deed of trust lien on the 20 acres of land, but denied a personal judgment as to Martin Bernfield.

Phœnix Mutual Life Insurance Company presents this appeal complaining of the failure of the trial court to grant it a personal judgment against Bernfield.

It is undisputed that the deed from Hamilton to Bernfield contained a clause stating that as a part of the consideration Bernfield assumed the payment of the deed of trust note held by appellant, and that Bernfield received and recorded this deed. Bernfield also went into possession of the land and exercised possessory rights over the 20 acres of land. Bernfield held second lien notes against the 20 acres.

Bernfield contends that he only accepted this deed for the purpose of reconveying this land to another, and further that there was no consideration for his assuming payment of appellant's note.

At the close of all testimony, after a request for an instructed verdict by appellant had been overruled, appellee Bernfield dictated to the court reporter, who wrote same in shorthand, the following stipulation and admission:

"The defendant, Martin Bernfield, admits in open court that the plaintiff is entitled to recover as alleged in its petition, except in so far as plaintiff's cause of action is defeated by the defense of Martin Bernfield, as plead and proved."

After the making of this admission, appellee Bernfield was given the right to open and close the argument.

Only one issue was submitted to the jury, as follows:

"Special Issue No. 1: Did the defendant, Martin Bernfield, receive sufficient consideration, if any, for the assumption of plaintiff's debt as contained in the deed from H. R. Hamilton and wife to Martin Bernfield?"

To which the jury answered, "No."

Upon this finding of the jury the trial court denied a personal recovery against Bernfield.

We are of the opinion that the evidence was sufficient to require that the trial court should have granted appellant's motion for an instructed verdict, not only as to the judgment rendered, but also as to the personal liability of Bernfield.

The consideration expressed in the deed from Hamilton and wife to Bernfield was contractual in its nature, and in the absence of allegations and proof of fraud, mistake, or accident, parol evidence is not admissible to vary, add to, or contradict the plain and unambiguous provisions of the deed. Farm & Home Savings & Loan Association v. Landau (Tex.Civ.App.) 48 S.W.(2d) 777.

The evidence is amply sufficient to show that Bernfield accepted the deed from the Hamiltons containing the provision that as a part of the consideration he assumed the indebtedness evidenced by the note and deed of trust sued on herein. Appellant therefore had a right to maintain this suit against Bernfield upon his assumption agreement. McCown v. Schrimpf, 21 Tex. 22, 73 Am.Dec. 221; Hill v. Hoeldtke, 104 Tex. 594, 142 S.W. 871, 40 L.R.A.(N. S.) 672.

Furthermore, when Bernfield filed his admission under rule 31, for county and district courts, and thereby obtained for himself the right to open and close the argument, he admitted appellant's cause of action and right to recover, except as it might be defeated by defensive pleas in the nature of confession and avoidance. A plea of want of consideration is not a plea in the nature of a confession and avoidance. National Bank of Commerce v. Williams, 125 Tex. 619, 84 S.W.(2d) 691; Ferguson v. American Bank & Trust Co. (Tex.Civ.App.) 13 S.W.(2d) 459; Smith v. Traders' National Bank, 74 Tex. 541, 12 S.W. 221.

Appellees contend that district and county court rule 31 requires that the admission must be made in writing and must be made before the introduction of evidence is begun and must also be made by all the defendants. We are of the opinion that the admission being written in shorthand by the court reporter fulfills the requirements that the admission must be in writing. The admission having been made

before the arguments began and appellee having thereby obtained the right to open and close, the admission was made in sufficient time and appellee is in no position to complain that the admission was not sooner made.

■ The only real issue in the case was between appellant and appellee Bernfield, and the fact that other defendants did not join in this admission is unimportant and is also a matter about which appellee Bernfield is in no position to complain.

The trial court should have rendered judgment personally against Bernfield and the failure to do so constitutes error.

The judgment in so far as it denies appellant a personal judgment against Bernfield for the amount of principal, interest, and attorney's fees due on the deed of trust note in the sum of $1,000 will be reversed and judgment here rendered in appellant's favor against Martin Bernfield, in the sum of $1,545.50, together with interest thereon from October 28, 1935, until paid at the rate of 10 per cent. per annum and cost of this appeal, in all other respects the judgment is affirmed.