Herschel E. LOVE, Appellant,

v.

Gertrude A. McGEE et al., Appellees.

No. 7542.

Court of Civil Appeals of Texas.

Texarkana.

March 3, 1964.

Rehearing Denied April 28, 1964.

T. D. Wells, Paris, for appellant.

Hardy Moore, Moore & Lipscomb, Paris, for Gertrude A. McGee, Carl N. McGee, Jr., Peggy Joyce Maness and husband, Thomas W. Maness.

No appearance for Lela Oakes Sorrells and husband, Sam Sorrells.

CHADICK, Chief Justice.

This litigation was originated by a statutory trespass to try title action. The judgment is modified and affirmed.

As the trial commenced, the defendant, Herschel E. Love, the appellant here, filed

the following motion authorized by Rule 266, Vernon's Ann.Texas Rules of Civil Procedure, to-wit:

"Now comes Herschel E. Love, the defendant in the above entitled and numbered cause, and before the trial commences admits that the plaintiffs are entitled to recover as set out in their petition except so far as he may be defended in whole or in part, by the allegations of the answers constituting good defenses which will be established on the trial herein.

"WHEREFORE, premises considered, defendant prays that under the provisions of Rule 266 he be allowed to open and close this case as a plaintiff."

The motion was granted and trial was conducted accordingly.

■ When the Rule 266 motion was allowed, defendant Love admitted the plaintiffs and appellees here, Gertrude A. McGee, her son Carl N. McGee, Jr., and daughter, Peggy Joyce Maness, had a prima facie case and were entitled to judgment for title and possession of the land described in their petition unless he, defendant Love, disproved their title by establishing the allegations of his answer constituting good defenses. Smith v. Traders' Nat. Bank, 74 Tex. 541, 12 S.W. 221; Hancock v. Frost Lumber Industries, Inc., of Texas, Tex.Civ. App., 182 S.W.2d 747; 23 Texas Law Review 293; Trice et ux. v. Stamford Builders Supply, Tex.Civ.App., 248 S.W.2d 213; 41 Tex.Juris. 755. However, the issues joined by the pleadings, more specifically the "good defenses" set out in his answer that defendant Love undertook the burden of proving, are in dispute and the disagreement must be resolved. The plaintiff's petition is cast in statutory form and pleads additionally the provisions of the five year (Art. 5509), ten year (Art. 5510), twenty-five year (Art. 5519) statutes of limitation and the provisions of Art. 5519a. Appellant Love discusses several of his points of error on the assumption that his answer contained a

plea of not guilty, as the plea is understood in trespass to try title cases, and that he plead the five, ten and twenty-five year statutes of limitation.

The exact language of the answer relied upon to constitute a plea of not guilty is this:

"Now comes the defendant, Herschel E. Love, and, for answer says that as to the land in the plaintiff's petition described in their original petition herein, other than that to which this defendant hereinafter pleads not guilty, and now disclaims all right, title and claim in and to all of the land sued for by the plaintiffs as described in their petition save and except the following portion of said land, to-wit:"

The quoted allegation is followed by a description of a strip of land four feet wide and 145 feet in length, hereafter referred to as a strip or a four foot strip, located on the east side of and contained within the bounds of the lot described in the plaintiffs' petition. The strip constitutes the overlap in description of two adjacent lots, being also the westernmost four feet of a 56 by 145 foot lot described in the title deed under which defendant Love claims.

■ The defendant's answer should state grounds of defense in plain and concise language. Rule 45, V.A.T.R.C.P. It is specifically directed by Rule 788 that in a not guilty plea the defendant " * * * shall state in substance that he is not guilty of the injury complained of in the petition filed by the plaintiff * * * ". When the words in the clause, "other than that to which this defendant hereinafter pleads not guilty" are considered objectively, and in context, they do not convey the thought or meaning that defendant Love is thereby and at that time and place saying he is not guilty of the injury the plaintiffs charge against him. The clause indicates that it was the intention of the pleader as he wrote it to afterwards set out and interpose the not guilty plea in the answer, but the mention of a present

intention to do so at a later time cannot be fairly construed as accomplishing a present tender of the plea. The subdivision of the pleadings where this clause is found was amended by interlineation just prior to the time introduction of evidence began, and failure to set out the not guilty plea by interlineation at some other point in the answer is probably due to the diversions of attention associated with this phase of the trial. None the less, the defendant's answer presented by the record in this court does not contain a plea of not guilty.[1]

Further analyses make it plain that the answer disclaimed as to all land described in the plaintiff's petition except the four foot strip and plead the five year statute of limitation as a bar to the plaintiffs' recovery of title to the strip. Also, sufficiently plead were the provisions of Article 5519a alleging the facts of the case raised the presumption that title to the strip had been acquired by defendant Love. It is doubtful that the ten year and twenty-five year limitation statutes are plead, but no decision is necessary for reasons that become apparent when the evidence is reviewed hereafter.

The issues joined by the pleadings, together with the effect of the Rule 266 motion, place the parties in confrontation, with title to the lot described in plaintiffs' petition prima facie vested in the plaintiffs, but with recovery of the four foot strip subject to both the bar of the five year limitation of actions (Art. 5509) statute and the provisions of Art. 5519a, and the defendant burdened with the task of establishing the factual basis of these defenses by a preponderance of the evidence.

Defendant Love introduced the muniments in the chain of title to his lot emanating from a common source, and proof of the payment of certain taxes. All taxes payable to the Lamar County Tax Collector were paid before delinquency as far back as 1919, and payment was shown of those accruing to the City of Paris and the Paris Independent School District from 1947 to trial date. No evidence was produced, however, that defendant Love, or his predecessors in title, had actual possession of the four foot strip at any time after Gertrude A. McGee and her now deceased husband acquired title in 1939 to the lot adjoining the strip on the west. Mrs. McGee testified to fencing the strip in with her lot, occupying and using the area as a driveway to her garage in the belief that it was a part of her lot. This occupancy and use was open and obvious, in 1939 and continued by her and her tenants until she was ejected therefrom a short time before this suit was filed in 1962.

■ But for reasons next to be mentioned it is a settled principle that defendant Love as an adverse claimant would be considered in law to have had constructive possession of all the land embraced within the description of his lot in the registered deed under which he claims, although he was in actual possession of only a part of the lot described. Adverse Possession, 2 Tex. Juris.2d 303, Sec. 176. The constructive possession principle does not operate in this case because adverse possession of the four foot strip is likewise claimed by the plaintiffs. The governing rule is stated in 2 Tex. Juris. 305, to-wit:

"The principle of constructive possession may not be invoked by one adverse claimant against another such claimant, the conclusion being in a contest between claimants that neither is entitled to assert title by virtue of constructive possession, and that each is confined to a recovery of the land that he has had in actual possession."

1. Failure to interpose a not guilty plea is urged by appellees as grounds for affirmance on authority of Foust v. Jones, Tex.Civ.App., 90 S.W.2d 665, N.W.H., where it is said: "In a trespass to try title suit in this state, the issues tendered by the plaintiff's pleading are joined by a plea of not guilty. In the absence of such plea no proof is required on the part of plaintiff to establish the allegations of his petition."

See Cook's Hereford Cattle Co. v. Barnhart, Tex.Civ.App., 147 S.W. 662; Woods v. Hull, 90 Tex. 228, 38 S.W. 165; Peden v. Crenshaw, 98 Tex. 365, 84 S.W. 362; Morris v. Jacks, Tex.Civ.App., 96 S.W. 637, E.R., Chittim v. Auld, Tex.Civ.App., 219 S.W.2d 702, N.R.E.

 The previous statement of the nature of the evidence shows no facts were adduced discharging defendant Love's burden of proving actual possession of the strip under the five year statute. See Land v. Turner, Tex., 377 S.W.2d 181, where actual possession is defined to be:

" * * * speaking generally, that one is in possession of land when he is in occupation thereof, with the intention, actually realized, of excluding occupation by others, or when, although not in actual occupation, he claims the right of exclusive occupation, and no person is in occupation opposing his claim."

The second defense, that is, the Art. 5519a defense, plead by the defendant Love is not supported by evidence either. Two steps were required of defendant Love to establish a prima facie title under Art. 5519a. First defendant Love had the burden of proving that the plaintiffs as holders of the apparent record title to the four foot strip had not exercised dominion over it or paid its taxes before delinquency one or more years in the twenty-five years next preceding the filing of the suit; and second, that he, defendant Love, and those whose title he owns, openly exercised dominion over and asserted claim to the strip and paid taxes thereon annually before delinquency for twenty-five years preceding the filing of the suit. Adverse Possession, 2 Tex.Jur. (2) 373, Sec. 224, and authorities there cited. The evidence, previously outlined, was wholly insufficient to discharge defendant Love's burden of proof under this particular defense.

All of appellant Love's points of error have been carefully examined and no error

is found affecting the judgment rendered for plaintiffs Gertrude A. McGee, Carl N. McGee, Jr., and Peggy Joyce Maness, against defendant Love, and as to them the judgment is affirmed. The pleadings and proof show that appellant Love was entitled to recover nominal damages and the costs of this action from Lela Oakes Sorrells and her husband, Sam Sorrells, as the result of the breach of the warranty of title contained in their deed to him of the lot out of which is taken the four foot strip awarded the appellees. It is shown as a matter of law that title failed to the strip. Accordingly, under authority of Lawless v. Evans, 4 Willson, Civ.Cas.Ct.App. § 26, 14 S.W. 1019, 1020, the judgment of the trial court in this respect is reversed and appellant Love is awarded judgment over against the Sorrells for $25.00 nominal damage and all costs of this action which Love may be compelled to pay. The judgment is affirmed as modified.