**Eugene and Angelica SANCHEZ, et al., Appellants,**

**v.**

**Charles J. SCHINDLER, et al., Appellees.**

**No. 1817.**

Court of Appeals of Texas, Corpus Christi.

Dec. 30, 1981.

Rehearing Denied Jan. 21, 1982.

Russell H. McMains, Edwards & Perry, Corpus Christi, for appellants.

Ted B. Roberts, Meredith & Donnell, Corpus Christi, for appellees.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

This is an appeal of that portion of a judgment which awarded no damages for pecuniary loss or mental anguish to the parents of a fourteen year old boy killed in an automobile collision. The jury found that Eugene and Angelica Sanchez sustained no pecuniary loss as a result of the death of their son, Johnny Sanchez, but did award damages to Mrs. Sanchez for her mental anguish. Upon a motion by the defendants, the trial court disregarded the answers to special issues that formed a basis for the award for mental anguish. Appellees have raised cross-points on the issue of damages awarded to Johnny Sanchez' estate for his pain and suffering. We affirm.

A review of the pertinent facts reflects the following. In 1979, a collision between a motorcycle and a pickup truck in Key Allegro, Aransas County, Texas, resulted in a fatal injury to the driver of the motorcycle, Johnny Sanchez. Paramedics who treated Johnny at the scene and transported him to Memorial Medical Center in Corpus Christi gave their opinion that he was conscious and in severe pain. His parents were at home at the time of the accident and after being told by a neighbor of the accident, they travelled to the hospital. They were not permitted to visit with their son in the hospital but did catch glimpses of him through a door while the hospital staff ministered to him. After several hours Johnny died.

■ Appellant brings forth eight points of error, which we will discuss in two separate groups. The first group (points one and two) contends that the jury's finding that Mr. and Mrs. Sanchez suffered no pecuniary loss as a result of their son's death lacks evidentiary support both legally and factually. Under the Texas Wrongful Death Act, Tex.Rev.Civ.Stat.Ann. art. 4677 (Vernon 1952) a parent is entitled to recover the pecuniary value of the child's services until he reaches majority less the cost of the child's support, education and maintenance, and the amounts reasonably expected as contributions after the child reaches majority. *Bedgood v. Madalin*, 600 S.W.2d 773, 775 (Tex.1980).

■ In testing the legal sufficiency of the evidence, we are required to consider only the evidence and reasonable inferences therefrom which, viewed in its most favorable light, supports the jury finding, and we must reject all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). Whereas, in testing the factual sufficiency of the evidence, we must consider and weigh all of the evidence in the case to determine whether the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ Some of the typical evidence pertinent to appellants' first group of points is as follows. Johnny, who was fourteen years old when he died, was generally well liked in the community of Rockport where he lived with his parents. He assisted his father in remodeling the family home, worked for his grandfather one summer and on another occasion had a temporary job with a carpenter in Beeville. On the other hand, the evidence indicates that he kept his earnings for himself; that he was not expected to work; and that the Sanchez' (appellants) neither needed, received, nor expected financial help from any of their children, some of whom were adults. After following the tests above mentioned, we find that the evidence is legally and factually sufficient to support the jury's answer of "none" to the inquiry in the charge about the appellant parents' pecuniary loss.

Courts of Civil Appeals have reversed cases for failure to award damages for pecuniary loss to parents. See *Montoya v. Nueces Vacuum Service, Inc.*, 471 S.W.2d 110 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.); *Smith v. Red Arrow Freight Lines, Inc.*, 460 S.W.2d 257 (Tex. Civ.App.—San Antonio 1970, writ ref'd n. r. e.). The appellants urge that these cases control the disposition of the case before us. We disagree because these cases are factually distinguishable from the case at bar. In both *Montoya* and *Smith*, there was ample evidence of present or anticipated contributions by the child to his parents. In the case at bar, the jury was entitled to believe that the plaintiffs failed to present by a preponderance of the evidence that the value of their son's services would exceed the cost of supporting him. Points one and two are overruled.

■ In points of error three and eight, the appellants assert that the trial court erred in granting the appellees' motion to disregard the jury's award for the mental anguish sustained by Mrs. Sanchez. Appellees' motion contended that there was no evidence to support the jury finding. The trial court granted it. We agree that the trial court's action was correct.

The appellants, in support of the disregarded special issues, did present evidence that Mrs. Sanchez since Johnny's death has suffered mental depression and has been unable to continue her job as a dressmaker wherein she earned $40.00 to $50.00 per week.

Appellants have advanced several theories to justify a recovery for the pain and suffering of Mrs. Sanchez. One of which is characterized as a tortious interference with family relations. Because the appellants for the first time introduced this theory in their brief filed in this Court, they failed to give appellees timely notice of the claim under their theory. Therefore, their arguments in that regard need not be considered by us. *Bedgood v. Madalin*, supra.

Another avenue of recovery proposed by the appellants is the concept of negligent infliction of emotional distress. Texas law permits a parent who is within the zone of danger to collect damages for mental distress induced by witnessing an injury to his child. *Dave Snelling Lincoln-Mercury v. Simon*, 508 S.W.2d 923 (Tex.Civ. App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.). Other jurisdictions have approved the compensating of parents who experience sensory and contemporaneous perception of the accident. *Dillon v. Legg*, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968); *D'Ambra v. United States*, 354 F.Supp. 810 (D.C.R.I.1973), modified, 481 F.2d 14 (1st Cir. 1973). Appellant also urges adoption of the more liberal test as was done by the Texarkana Court of Appeals in *Landreth v. Reed*, 570 S.W.2d 486 (Tex.Civ.App.—Texarkana 1978, no writ). Although we are inclined to apply the more permissive "contemporaneous perception" test, doing so will not aid the appellants in this case. Mrs. Sanchez was never at the scene of the accident and cannot base her recovery upon any of the aforementioned theories.

The final theory which appellants urge will support their claim for mental anguish is the Texas Wrongful Death Act, Tex.Rev.Civ.Stat.Ann. art. 4671 (Supp. 1980–81). While the language of this statute does not preclude recovery of mental anguish, the well settled interpretation of the act has limited recovery to pecuniary loss. *Bedgood v. Madalin*, supra. If this court were inclined to follow the lead of the Federal District Court for the Eastern District of Texas which has held that recovery under the Texas Wrongful Death Act is no longer restricted to pecuniary loss, *Stanford v. McLean Trucking Co.*, 506 F.Supp. 1252 (E.D.Tex.1981), we could not do so in this case. Appellants did not request a special issue or explanatory instruction instructing that recovery for loss of society and mental anguish be included as part of the recovery under the Texas Wrongful Death Act, nor did they object to Special Issue 34, which made it quite clear that the jury should not allow such damages in determining their award. Appellants' failure to request an issue or instruction or to object to the one given constituted waiver of their objection, T.R.C.P. 279, and precludes consideration of the merits of their claim by this Court. Therefore, appellants' points of error three through eight are overruled.

In their cross-points, appellees contend that the jury's award of $50,000.00 to the estate of Johnny Sanchez for his pain and suffering is supported by evidence that is legally and factually insufficient. Alternatively, they ask for a remittitur of part of that award. Because there is ample evidentiary support for a finding of compensable pain and suffering, appellee's legal and factual sufficiency arguments are without merit.

In deciding whether the jury verdict is excessive, we consider only the evidence which is favorable to the award. *Wharf Cat, Inc. v. Cole*, 567 S.W.2d 228 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). A remittitur is proper only if the verdict is so excessive that it shocks the conscience of the court. *Armellini Exp. Lines of Florida v. Ansley*, 605 S.W.2d 297, 310 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n. r. e.). In cases involving personal injury damages, the jury has great discretion in fixing the amount of the

award, *Southern Pacific Transportation Co. v. Peralez,* 546 S.W.2d 88, 98 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). Because other courts have upheld sizeable verdicts where the evidence indicated that the pain was less intense and for shorter duration than the evidence tends to establish in this case, we cannot say that the jury award is shocking to our sense of justice.

■ While consideration of the merits of appellees' claim for remittitur would cause us to reject their contentions, we do not rest our decision on that basis. The cross-points are based on the survivors' judgment which is a severable portion of the case. This court may not consider cross-points on a severable portion of the judgment unless an independent appeal has been filed. *Martin v. Body,* 533 S.W.2d 461, 464 (Tex.Civ.App.—Corpus Christi 1976, no writ). Since appellants filed a Notice of Limitation to restrict the appeal to the wrongful death claims, it was incumbent upon the appellees to file an independent appeal on the survivors' judgment in order to properly bring the matter before this Court. This the appellees have not done. Their cross-points are all overruled.

The judgment of the trial court is affirmed.